**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tommy Franklin ESSICK,
Defendant–Appellant.**

**No. 90–5803.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1991.

Decided May 3, 1991.

As Amended June 3, 1991.

Mary Katherine Nicholson, argued, Greensboro, N.C., for defendant-appellant.

Paul Alexander Weinman, Asst. U.S. Atty., argued (Robert H. Edmunds, Jr., U.S. Atty.), Greensboro, N.C., for plaintiff-appellee.

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

K.K. HALL, Circuit Judge:

Tommy Franklin Essick appeals his conviction for possession of a firearm by an ex-felon, in violation of 18 U.S.C. § 922(g)(1). Because we find that the government failed to prove an essential element of the crime, we reverse the judgment of conviction.

## I.

On September 8, 1989, local police and federal agents from the Bureau of Alcohol, Tobacco and Firearms searched a house where Essick and others resided. A large number of firearms, both pistols and rifles, was seized. On October 30, 1989, Essick was indicted on two separate counts alleging violations of 18 U.S.C. § 922(g)(1). Count 1, possession of a .25 caliber pistol, was dismissed prior to trial on the government's motion. At trial, the government introduced evidence that Essick had been convicted in North Carolina state court in 1983 for selling marijuana, a felony. On January 19, 1990, he was found guilty by a jury on Count 2, possession of numerous specified firearms. He was sentenced under the Sentencing Guidelines to eighteen months in prison and fined $2,500. He appeals.

## II.

On appeal, Essick contends that his conviction must be reversed because the government failed to prove that he was an ex-felon, as that status is defined in the federal statute. For the reasons that follow, we agree.[1]

The statute of conviction, 18 U.S.C. § 922(g)(1), makes it unlawful for anyone "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to possess ... any firearm."[2] The clarity of this section, however, is clouded by 18 U.S.C. § 921(a)(20), which defines the term "crime punishable by imprisonment for a term exceeding one year":

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

---

1. Essick raises other issues which, in light of our decision to reverse, need not be reached.

2. Another element of the crime, that the firearm "affect commerce," is not relevant to this appeal.

Thus, in every § 922(g)(1) prosecution, the court must refer to the laws of the jurisdiction in which such purported predicate conviction occurred. This inquiry requires an analysis of whether and to what extent the jurisdiction in which the prior conviction occurred "restores the civil rights" of ex-felons.

North Carolina has specific statutory provisions regarding the restoration of the civil rights of one convicted of a crime. North Carolina General Statutes § 13–1 (1986) reads in relevant part:

> Any person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored upon the occurrence of any one of the following conditions:
>
> (1) The unconditional discharge of an inmate by the State Department of Correction or the North Carolina Department of Correction, of a probationer by the State Department of Correction, or of a parolee by the Department of Correction; or of a defendant under a suspended sentence by the court.

The next section, N.C.Gen.Stat. § 13–2 (1986), requires the agency or court having jurisdiction over the person whose rights are restored under § 13–1(1) to automatically and immediately issue a certificate evidencing the restoration of such rights.[3] Various other sections of the state code must be looked to, however, to discover the precise parameters of this rights-restoration scheme.

■ North Carolina's Felony Firearms Act, N.C.Gen.Stat. § 14–415.1 (1990 Supp.), provides in relevant part:

> (a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section [which includes the crime for which Essick was convicted in 1983] to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S.

14–288.8(c), within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.

> Every person violating the provisions of this section shall be punished as a Class I felon.

> Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business.

Possession beyond the five-year post-release period is simply not a crime in North Carolina. Ex-felons regain the right to possess a gun in that state by the mere passage of time.

This issue was first discussed by this court in *United States v. McLean*, 904 F.2d 216 (4th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1991). *McLean* involved a conviction under § 922(g)(1) in which both the predicate felony conviction and the alleged federal violation occurred in North Carolina. The district court dismissed the indictment on the grounds that the general restoration of McLean's civil rights precluded the federal prosecution. The government appealed. Looking to "the whole of state law" to determine whether any restoration of state civil rights relating to firearms possession would bring the ex-felon outside the reach of § 922(g)(1), this Court concluded that N.C.Gen.Stat. § 13–1, considered in conjunction with § 14–415.1, clearly restored the general citizenship rights of an ex-felon, and that such restoration of rights included a *limited* right to possess firearms. Because McLean was carrying a handgun within five years of his release from prison, the court stated that he fell "squarely within the express provisions of [N.C.Gen.Stat. § 14–415.1]." The court reserved the question of deciding the validity of an indictment for possession of a firearm as allowed under North Carolina law, *e.g.*, in one's home. *Id.* at 219, n. 4. The *McLean* court

---

**3.** Residents of North Carolina who have been convicted of federal crimes must apply to the county court clerk for restoration of their rights. N.C.Gen.Stat. § 13–2(1) (1986).

remanded with instructions to reinstate the indictment.

■ A knottier question is the allocation of the burden of proof. The government, of course, always bears the burden of proving each element of a crime beyond a reasonable doubt. The government contends that all it need do to prove a prior "conviction" in a § 922(g)(1) trial is to show that the defendant had once been convicted of a felony. The restoration of firearm and other civil rights, the argument continues, is properly a matter of defense. We disagree.

Under the North Carolina firearm statutes, the only difference between the rights of an ex-felon and one who has never been convicted of a felony is that the former must wait five years before being legally allowed to possess a handgun or other firearm with a barrel less than 18 inches in length. The only way in which Essick's 1983 marijuana conviction could constitute a predicate felony conviction under § 922(g)(1) would be if the alleged federal violation, *i.e.*, possession of a firearm, occurred within five years of Essick's release from state supervision. Because a prior "conviction," *i.e.*, one for which the civil right to possess a firearm has *not* been restored, is an element of a § 922(g)(1) violation, the government's proof failed.

■ There is no contention that the government brought Essick within the five-year post-release period. The indictment merely charges that Essick, "having been convicted on April 15, 1983, in the Superior Court of Davidson County, Lexington, North Carolina, of a crime punishable by imprisonment for a term exceeding one year, that is, felony conspiring to commit the crime of sell [sic] and delivery of a controlled substance, to wit: marijuana, knowingly did possess in commerce and affecting commerce firearms ... in violation of [18 U.S.C. §§ 922(g)(1) and 924(a)(2) ]." The government's sole source of proof was a commitment order dated April 15, 1983, by which Essick was sentenced on the state marijuana charge. No evidence regarding his release date, however, was proffered by the government. In North Carolina, proof of the "prior conviction" element of a § 922(g)(1) charge requires the government to go beyond the mere introduction of a commitment order if such predicate conviction occurred in the North Carolina state courts. The government's case was fatally deficient in this regard.

In enacting the Firearm Owners' Protection Act in 1986,[4] Congress clearly empowered each state to determine if ex-felons would be legally permitted under federal law to possess firearms. In effect, each state is able to carve out exemptions to the general federal proscription against possession of *any* firearm by *any* ex-felon. *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990). In North Carolina, the government must prove, at a minimum, that the defendant possessed a firearm within five years of release from supervision resulting from the prior North Carolina felony. Otherwise, he would as a matter of law stand in the same shoes as any other person who had not been previously convicted of a felony. In North Carolina, an ex-felon who is more than five years beyond his release date has the same civil rights regarding firearms as non-felons; for purposes of § 922(g)(1), then, his prior conviction does not exist. Proof of a prior "conviction" encompasses more than proof of a discrete event in the defendant's past; the government must show the continuing vitality of the conviction, a matter of proof that, under North Carolina law, necessarily implicates the five-year post-release period. Accordingly, the judgment of conviction is reversed.

REVERSED.

---

4. Pub.L. No. 99–308, 100 Stat. 449 (1986).