UNITED STATES of America, Plaintiff,

v.

Grove Lawrence FLOWER, a/k/a
Lawrence Flower, Defendant.

No. 93–CR–019A.

United States District Court,
D. Utah, C.D.

Nov. 24, 1993.

Mark K. Vincent, Asst. U.S. Atty. for Utah, Salt Lake City, UT, for plaintiff.

Robert B. Breeze, Salt Lake City, UT, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

ALDON J. ANDERSON, Senior District Judge.

Defendant Grove Lawrence Flower ("Flower") was convicted after a jury trial of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] The court sentenced Flower to thirty (30) months in prison followed by a three-year term of supervised release. Flower now petitions the court under Federal Rule of Appellate Procedure 9(b) and 18 U.S.C. § 3143(b) to stay execution of the sentence pending an appeal to the Tenth Circuit Court of Appeals.

18 U.S.C. § 3143(b) provides that a convicted defendant sentenced to a term of imprisonment must be detained pending an appeal of the conviction unless the defendant can show

(A) by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released ... and

(B) that the appeal is not for purpose of delay and raises a substantial question of

---

1. 18 U.S.C. § 922(g) provides that:
   (g) It shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   
        *     *     *     *     *     *
   
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Having reviewed the memorandum filed by defense counsel Robert Breeze in support of the motion, and the opposition memorandum of Assistant United States Attorney Mark K. Vincent, and being aware of the facts presented and the legal arguments made at trial, the court finds that defendant will not likely prevail on appeal. Accordingly, defendant's motion must be denied under 18 U.S.C. § 3143(b).

### I. Background.

On September 14, 1992, agents of the Utah Department of Corrections, Adult Probation and Parole, began an investigation into alleged misconduct of parolee Kevin Kelley, who resided in the home of Flower. During a visit to Kelley at the Flower house, the parole agents discovered in plain view a set of weight scales and marijuana residue in a bedroom. Also, the agents discovered a locked gun safe in the bedroom closet, again in plain view.

Shortly after the agents' discovery, Flower arrived at the house and was questioned by the agents on the front lawn. At that time, the agents found marijuana in Flower's lunch pail. Flower was asked by the agents if they could look into the locked gun safe found in Flower's bedroom. Flower consented, and the agents opened the safe. Inside the safe was a Savage Model 110 .243 caliber rifle, a Raven Model P25 .25 caliber pistol, and a small quantity of illegal drugs. Flower was then arrested and transported to the Salt Lake County Jail.

Because of Flower's prior state felony convictions of burglary, the United States Attorney obtained an indictment against Flower for illegal possession of the firearms in the safe.[2] Flower was then tried and convicted of the offense.

During the course of the firearms trial, Flower took the position that the government needed to prove as part of its case, under 18 U.S.C. § 922(g), that Flower's prior Utah felony convictions had not been expunged or pardoned by the State or Utah or that Flower had not otherwise had his civil rights restored. Flower based his argument on 18 U.S.C. § 921(a)(20) which specifies that "a crime punishable by imprisonment for a term exceeding one year," a prerequisite for a § 922(g) conviction, does not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." The government disagreed with Flower on who had the burden of going forward on evidence as to pardon, expungement, or the restoration of civil rights.

After taking argument, and reviewing the law, this court ruled in favor of the government. The court determined that the present "status" of Flower's prior convictions was a defense available to Flower. The court held that if Flower wanted to present evidence of pardon, expungement or restoration of civil rights he might do so. Flower did not present any evidence of pardon or expungement. As for a claim of a restoration of civil rights, Flowers relied upon Utah law to the effect that citizens, including convicted felons, had the right to possess firearms for purposes of hunting.[3] The matter was then submitted to a jury who found Flower guilty as charged.

### II. Discussion.

■ Before a person convicted of a federal crime may be released pending appeal of that conviction, he must show four factors: (1) that he is not likely to flee; (2) that he is not a danger to the community; (3) that the

---

**2.** The State of Utah charged Flower with Possession of a Controlled Substance with Intent to Distribute. Flower was found guilty of the charge and was sentenced to 0–5 years at the Utah State Prison. Sentence was stayed, and Flower was placed on three years probation. Utah Third District Court, Docket 92–190–1772.

**3.** See Utah Code Ann. § 76–10–512, quoted at footnote 6 *infra*. No evidence was presented on whether Flower possessed the offending firearms for purposes of hunting or had a valid hunting license.

appeal is not for purposes of delay; and (4) that the appeal raises a substantial question of law or fact likely to result in reversal or an order significantly modifying the sentence imposed. *See* 18 U.S.C. § 3143(b); *United States v. Affleck*, 765 F.2d 944 (10th Cir. 1985).

The court does not believe that Flower poses a danger to the community or is likely to flee if released. However, the court does not believe that a substantial question of law or fact exists that could lead to reversal of Flower's conviction. In *United States v. Affleck*, 765 F.2d 944 (1985), the Tenth Circuit Court of Appeals stated that for a "substantial question of law or fact" to exist under 18 U.S.C. § 3143(b) the issue "must be a 'close' question or one that very well could be decided the other way." *Id.* at 952, quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985).

Contrary to Flower's arguments, the Tenth Circuit has held that the only elements that the government must prove to obtain a conviction under 18 U.S.C. § 922(g) are:

(1) The defendant was convicted of a felony;

(2) Thereafter the defendant knowingly possessed a firearm; and

(3) The defendant's possession of the firearm was in or affected commerce.

*United States v. Shunk*, 881 F.2d 917, 921 (10th Cir.1989).

The Tenth Circuit has never required the government to prove, as a fourth element, the continuing validity of the prior conviction, or whether or not defendant has had his civil rights fully restored. Instead, a defendant can present evidence of pardon, expungement or restoration of civil rights to attack the sufficiency of the government's proof of the first element of conviction. This is similar to the reasoning of the Fourth Circuit Court of Appeals which recently ruled that:

the lack of a restoration of civil rights and the right to possess a firearm is not an element of the offense stated in § 922(g). It is simply a component of the definition of the element that the accused has "been convicted in any court of a crime punishable by imprisonment exceeding one year."

*United States v. Clark*, 993 F.2d 402, 406 (4th Cir.1993). *See also United States v. Reedy*, 990 F.2d 167 (4th Cir.), *cert. denied* — U.S. ——, 114 S.Ct. 210, 126 L.Ed.2d 166 (1993).

In Utah there is no statute or other legal authority automatically restoring the civil rights to convicted felons.[4] Consequently, this case, which is predicated, on prior Utah felony convictions, is different from the case of *United States v. Essick*, 935 F.2d 28 (4th Cir.1991), the primary case cited by Flower in support of placing *an affirmative duty* on the government to prove a *lack of* restoration of civil rights to a defendant as part of the government's case in chief under 18 U.S.C. § 922(g).

In *Essick* the underlying felony conviction upon which the government was basing its § 922(g) prosecution was prosecuted under the laws of North Carolina. Those laws provided that five years after completion of sentence, a convicted felon automatically has his or her civil rights restored to him or her, including the right to possess a firearm. Because of North Carolina's statutory scheme, the Fourth Circuit Court of Appeals held that the government, as part of its burden of proof, had to show that the convicted felon's civil rights had not been restored. *Compare with United States v. Clark*, 993 F.2d 402, 406 (4th Cir.1993).

Flower attempts to bring himself into line with the *Essick* facts by arguing that Utah Consti. Art. 1, § 6, as amended in 1984, guaranteeing the individual right to bear arms, and Utah Code Ann. § 76–10–512 (1990), giving felons the right to possess fire-

---

4. A review of Utah law indicates that unlike some other states, Utah does not issue Certificates of Restoration of Civil Rights to ex-felons who have completed their sentences. Instead, the methods available to restore civil rights to ex-felons are pardon or expungement. The power to grant a pardon, except in cases of treason or impeachment, is vested in a majority of the Board of Pardons. Utah Consti. Art. VII, § 12. A person convicted of a Utah offense other than a capital felony, a first-degree felony, a second degree forcible felony, or a conviction involving a sexual act against a minor may seek expungement and sealing of his record by petitioning the court in which he was convicted. Utah Code Ann. § 77–18–2.

arms, restored his civil rights as contemplated by 18 U.S.C. § 921(a)(20). This court disagrees.

■ Utah Consti. Art. 1, § 6, as amended in 1984, does not apply to the predicate convictions of Flower which occurred in 1981 and 1983. As noted by the Utah Supreme Court in *Utah v. Wacek*, 703 P.2d 296 (Utah 1985), a state constitutional examination of a Utah felon's right to bear arms must be determined based upon the constitutional provision in effect at the time of the felon's arrest. As Flower acknowledges, the Utah State constitutional provision on the right to bear arms, in effect for 1982 and 1983, only guaranteed a "collective" right to bear arms, as opposed to an "individual" right to bear arms. Under that provision there is no question that Flower does not have a Utah constitutional right to possess firearms. *See Id.; Utah v. Beorchia*, 530 P.2d 813 (Utah 1974).[5]

■ As for Flower's reliance on Utah Code Ann. § 76–10–512,[6] the court finds that the statute does not automatically "restore" civil rights as contemplated by 18 U.S.C. § 921(a)(20). As noted by the Tenth Circuit Court of Appeals, to determine if an ex-felon has had his or her civil rights restored the court must look to the "whole of state law" and not merely at a single statute. *See United States v. Burns*, 934 F.2d 1157, 1159 (10th Cir.1991). Further, more than a *de minimis* restoration of civil rights is required to take a prior conviction out of con-

sideration for predicate status under 18 U.S.C. § 922(G). See *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990) (a restoration of civil rights, includes the right to vote, hold public office, serve on juries, and the entitlement "to exercise the privileges of shipping, transporting, possessing or receiving a firearm.") *Id.*

■ Based on the foregoing, it is clear that Utah Code Ann. 76–10–512 does not restore the "civil rights" contemplated by 18 U.S.C. § 921(A)(20). Instead the statute merely sets forth narrow exceptions to Utah Code Ann. § 76–10–503[7] which prohibits convicted felons of violent crimes from possessing firearms.[8]

■ Because Utah does not have a statute which automatically restores ex-felons' civil rights, Flower's reliance upon *United States v. Essick*, 935 F.2d 28 (4th Cir. 1991) is misplaced. Where the restoration of civil rights, pardon or expungement is discretionary, as it is in Utah, the ex-felon has the initial burden of bringing forth evidence that the foregoing discretion has been exercised on his or her behalf. This does not relieve the government of the ultimate burden of proof as to the elements of the offense set forth in 18 U.S.C. § 922(g).[9] It merely compels the ex-felon to come forth with information in his or her possession that he or she has been pardoned, or that his prior felonies have been expunged, or that through some

---

5. Even if Utah Consti. Art. 1, § 6, as amended in 1984, did apply to Flower's predicate felony convictions, it is still probable that the Utah Supreme Court would not find a constitutional right for a felon to possess firearms. *See* M. Truman Hunt, Comment, *The Individual Right to Bear Arms: An Illusory Public Pacifier?*, 1986 Utah L.Rev. 751, 764–66.

6. Utah Code Ann. § 76–10–512 provides:
The provisions of Sections 76–10–503 and 76–10–79 [prohibiting the possession of dangerous weapons by certain classes of people] shall not apply to any of the following:
(1) Patrons firing at lawfully operated target concessions at amusement parks, piers, and similar locations provided that the firearms to be used are firmly chained or affixed to the counters.
(2) Patrons of commercial trap or skeet fields or shooting ranges during regular business hours.

(3) Any resident or nonresident hunters with a valid hunting license or other persons who are lawfully engaged in hunting.

7. Utah Code Ann. § 76–10–503 provides:

(1)(a) Any person who has been convicted of any crime of violence under the laws of the United States, the state [of Utah], or any other state, government, or country, ... may not own or have in his possession or under his custody or control any dangerous weapon as defined in this part.

8. A "crime of violence" includes burglary, the predicate Flower convictions upon which the federal prosecution is based. Utah Code Ann. § 76–10–501(2)(a).

9. See *United States v. Shunk*, 881 F.2d 917, 921 (10th Cir.1989).

other legal mechanism his or her "civil rights" have been restored.

Flower's reference to Utah Consti. Art. 1, § 6, and Utah Code Ann. § 76–10–512, did not satisfy his burden to come forward with evidence of pardon, expungement or restoration of civil rights under 18 U.S.C. § 921(a)(20). This is because, as a matter of law, neither provision of Utah law constitutes a pardon, expungement or restoration of civil rights.

### III. *Conclusion.*

This court does not believe that there exists a substantial question of law or fact in Flower's appeal of his conviction to the Tenth Circuit Court of Appeals. While the individual states may avoid the consequences of 18 U.S.C. 922(g) with respect to their ex-felons,[10] Utah has not done so with regard to Grove Flower. Flower has not been pardoned from his predicate burglary convictions, and they have not been expunged. Further, Utah law has not restored Flower's, or any other ex-felon's, civil rights as contemplated in 18 U.S.C. § 921(a)(20). Accordingly, the court finds that Flower has not carried his burden of proof under 18 U.S.C. § 3143(b) to justify releasing him pending the appeal. Flower's Motion for Release Pending Appeal is, therefore, DENIED.

**10.** See *United States v. Essick,* 935 F.2d 28, 31 (4th Cir.1991):

In enacting the Firearm Owners' Protection Act in 1986, [including 18 U.S.C. § 921(A)(20)], Congress clearly empowered each state to determine if ex-felons would be legally permitted under federal law to possess firearms. In effect, each state is able to carve out exemptions to the general federal proscription against possession of *any* firearm by *any* ex-felon. (Emphasis in original.)