21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Alexander ALVAREZ, Defendant-Appellant.
 No. 93-50518.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Alexander Alvarez appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1), imposed following this court's remand for resentencing in United States v. Alvarez, 972 F.2d 1000 (9th Cir.1992). Alvarez contends that the district court improperly sentenced him as an armed career criminal pursuant to 18 U.S.C. Sec. 924(e). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * BACKGROUND
 
 
 4
 Alvarez was originally sentenced on April 30, 1990. The district court determined that Alvarez was an armed career criminal pursuant to 18 U.S.C. Sec. 924(e) and a career offender under Section 4B1.1 of the United States Sentencing Guidelines. This court affirmed Alvarez's conviction and the district court's finding that Alvarez was an armed career criminal. However, this court reversed the district court's finding that Alvarez was a career offender and remanded for resentencing without reliance on Section 4B1.1. Alvarez, 972 F.2d at 1007.
 
 
 5
 At Alvarez's resentencing hearing on July 6, 1993, the government maintained, and Alvarez did not dispute, that he had suffered three previous convictions for "violent felonies" within the meaning of 18 U.S.C. Sec. 924(e) and was therefore an armed career criminal. The district court agreed and sentenced Alvarez to 180 months, the minimum sentence under the Armed Career Criminal Act.
 
 II
 DISCUSSION
 
 6
 Alvarez contends that the district court erred in finding him an armed career criminal because the government failed to satisfy its burden of proving Alavarez's predicate convictions. Because Alvarez did not raise this contention at his initial sentencing, on his first appeal, or upon resentencing, we review for plain error. See United States v. Dischner, 974 F.2d 1502, 1513 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 7
 Alvarez relies on 18 U.S.C. Sec. 921(a)(20), which defines a predicate conviction for purposes of Sections 922(g)(1) and 924(e). It provides in part:
 
 
 8
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [Secs. 922(g)(1) and 924(e) ], unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.
 
 
 9
 Alvarez argues that the district court erroneously sentenced him as an armed career criminal because the government did not affirmatively prove the nonoccurrence of the events that Section 921(a)(20) identifies as exempting a conviction from consideration for armed career criminal sentencing purposes. Alvarez cites United States v. Essick, 935 F.2d 28 (4th Cir.1991), for the proposition that the government bears the burden of proof as to the nonoccurrence of the events identified in Section 921(a)(20).
 
 
 10
 Alvarez's contention lacks merit. In Essick, the Fourth Circuit was reviewing the felon-in-possession conviction of a defendant who had been convicted six years earlier of a felony in North Carolina, where a convicted felon's civil rights--including the right to possess firearms--are automatically restored five years after the date of the conviction. Essick, 935 F.2d at 30. Here, Alvarez has not asserted that his civil rights have been restored--either by petition, pardon, expungement, or, as in North Carolina, by automatic restoration. Alvarez simply contends that under the California Penal Code his burglary and robbery convictions did not prohibit him from possessing a firearm. Alvarez's contention is unavailing. The fact that state law does not prohibit firearm possession as a result of a conviction is not relevant to armed career criminal status under the federal statute unless there has been an expungement, pardon, or a restoration of civil rights. See 18 U.S.C. Sec. 921(a)(20). See also United States v. Ramos, 961 F.2d 1003, 1006-1010 (1st Cir.1992) (A state's failure to prohibit convicted persons from possessing weapons as a consequence of their convictions is not the type of "affirmative step" of restoration of rights to which Section 921(a)(20) refers). In any event, California Penal Code Section 12021 prohibits any person convicted of a felony from possessing a firearm. There is, accordingly, nothing to indicate that Section 921(a)(20) precludes the counting of Alvarez's prior convictions for purposes of armed career criminal status. The district court did not plainly err in sentencing Alvarez under Section 924(e).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3