**UNITED STATES of America,**

v.

**David CHAPPLE, III, Defendant.**

**Crim. A. No. 3:94–00136.**

United States District Court, S.D. West Virginia, at Huntington.

March 17, 1995.

---

Hunt Charach, Federal Public Defender's Office, Charleston, WV, David Chapple, III, Huntington, WV, for defendant.

Sharon M. Frazier, Asst. U.S. Atty., Huntington, WV, for the U.S.

## MEMORANDUM OPINION AND ORDER

STAKER, Senior District Judge.

Now pending before the court is defendant's motion to dismiss the indictment. In accordance with 28 U.S.C. § 636, this matter was referred to the Honorable Maurice G. Taylor, United States Magistrate Judge, for submission to the court of his Findings and Recommendation. On January 12, 1995, Judge Taylor submitted his report, which recommended that the motion be granted and the indictment dismissed.

The Government thereafter submitted its Objections to Judge Taylor's Findings and Recommendation, and the defendant responded. On February 24, 1994, the court heard the parties' arguments and took the matter under advisement.

The court must make a *de novo* review of the portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). After *de novo* consideration of the record in this matter, including but not limited to the parties' briefs and exhibits attached thereto, the court finds that the Government's objections are not persuasive. Accordingly, the court hereby ACCEPTS Judge Taylor's Findings and Recommendation.

IT IS ORDERED that defendant's motion shall be, and is hereby, GRANTED, and the indictment in the above-captioned matter shall be, and is hereby, DISMISSED.

The clerk is directed to remove this matter from the court's criminal docket.

## JUDGMENT ORDER

For the reasons set forth in the accompanying Memorandum Opinion and Order, the court hereby ACCEPTS Judge Taylor's Findings and Recommendation. IT IS ORDERED that defendant's motion shall be, and is hereby, GRANTED, and the indictment in the above-captioned matter shall be, and is hereby, DISMISSED.

The clerk is directed to remove this matter from the court's criminal docket.

## FINDINGS AND RECOMMENDATION

TAYLOR, United States Magistrate Judge.

This matter comes before the Court on defendant's motion seeking dismissal of the indictment. Chapple is charged in a single count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). More specifically, it is alleged that on or about April 10, 1994, at a time when he had been convicted of attempted grand theft auto and receiving stolen property in the Court of Common Pleas of Muskingham County, Ohio, offenses punishable by imprisonment for a term exceeding one year, defendant possessed "in and affecting commerce" two Ruger .45 caliber pistols. In argument, Chapple has not disputed that he knowingly possessed firearms transported in interstate commerce. Nor does he contest the fact that he was convicted in state court in Ohio in January of 1990 of offenses punishable by imprisonment for more than one year. He does, however,

assert that a "Restoration of Rights" received from the Ohio Department of Rehabilitation and Correction on May 1, 1991, following completion of service of his sentence effectively restored his civil rights, that such restoration did not impose any restriction on his right to possess a firearm, that he was not prohibited from possessing firearms under Ohio law and that, as a consequence, the possession of the pistols was not a federal offense as contemplated by the provisions of § 922(g)(1).

Section 922(g)(1) prohibits any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm "in or affecting commerce." With the enactment of the Firearm Owner's Protection Act[1] in 1986 and the consolidation of offenses relating to the unlawful purchase and possession of firearms by certain enumerated persons, Congress included a definition of "crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 921(a)(20), which provides, in part:

Any conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

With regard to the requirement that civil rights be restored, the cases are in agreement that the restoration, though it "need not be complete," *United States v. Hassan El*, 5 F.3d 726, 734 (4th Cir.1993), envisions "more than a *de minimis* quantity of civil rights," *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990), and "generally includes the right to vote, the right to hold public office, and the right to serve on a jury." *United States v. Hassan El, supra* at 734. The United States does not appear to dispute the fact that, upon completion of his sentence and receipt of the certificate, Mr. Chapple's civil rights, including the right to

vote, hold public office and serve on a jury, have been restored, and the certificate, available case law,[2] and relevant statutory provisions,[3] establish such restoration. There remains then only the question of whether "his restoration of civil rights 'expressly provide[d] that [he could] not ship, transport, possess, or receive firearms,' " and to resolve this issue the "court must examine not only the state's certificate granting restoration of civil rights, but the actual effect of the restoration under the state's firearms laws on the defendant's ability to ship, transport, possess, or receive firearms." *United States v. Shoemaker*, 2 F.3d 53, 54–55 (4th Cir.1993). The United States has argued that the certificate of restoration itself prohibited defendant's possession of firearms, relying on the sentence in the certificate which states that the restoration "does not authorize you to ship, transport, possess, or receive firearms...." The cited passage, however, does not prohibit possession. It simply informs defendant that he is not, solely by reason of the issuance of the certificate, *authorized* to possess a firearm. As has been recognized in cases involving similar admonitory language,[4] "[r]ather than focusing solely on the language of the certificate," the "better reasoned approach" is to look to the whole of state law " 'to give effect to state reforms with respect to' firearm privileges...." *United States v. McLean*, 904 F.2d 216, 218 (4th Cir.1990), *cert. denied* 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990). From an examination of the laws of the State of Ohio, the Court concludes that defendant's possession of the Ruger pistols was not in contravention of the laws of that jurisdiction. As noted, service of the state sentence automatically restored "the rights and privileges forfeited by his conviction," Ohio Rev.Code § 2967.16(B), and Ohio's prohibition of the acquisition or possession of firearms by persons previously convicted of offenses applies only to persons convicted of "any felony of

1. Pub.L. No. 99–308, 100 Stat. 449 (1986).

2. *See, United States v. Cassidy, supra* at 550.

3. *See,* Ohio Rev.Code §§ 2961.01 and 2967.16(B).

4. *See, United States v. Shoemaker, supra* at 55–56; *United States v. McBryde*, 938 F.2d 533, 535 (4th Cir.1991).

violence"[5] or offenses "involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse...." Ohio Rev.Code § 2923.13(A)(3). Neither of these prohibitions would encompass the offenses involved in defendant's conviction.

The applicability of the prohibition with respect to possession of firearms under § 922(g)(1) being a matter for "each state to determine," *United States v. Essick*, 935 F.2d 28, 31 (4th Cir.1991), and it being apparent that, under the laws of the State of Ohio, defendant's possession of the firearms in question was not prohibited, his conduct, as set forth in the indictment, is not violative of the provisions of § 922(g)(1), and the indictment against him must, accordingly, be dismissed.

### RECOMMENDATION

In accordance with the foregoing, it is **RESPECTFULLY RECOMMENDED** that defendant's motion be granted and the indictment dismissed.

The United States and the defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert J. Staker, United States District Judge, and that, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the parties may, within thirteen days from the date of the filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Staker and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to defendant and all counsel of record.

DATED: January 12, 1995.

---

**5.** Ohio Rev.Code § 2923.13(A)(2). "As used in *the Revised Code*," an "*offense of violence*" is defined as including violation of certain enumerated statutory offenses. Ohio Rev.Code § 2901.01(I). The offenses upon which defendant was convicted, attempted grand theft auto and receiving stolen property, are not included within the enumeration.