**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 95-5939

CHARLES H. BURTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-95-65)

Submitted: November 26, 1996

Decided: December 26, 1996

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Darryl A. Parker, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, N. George Metcalf, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles H. Burton was convicted in a bench trial of being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1996) (Count One), and of knowingly possessing a firearm with a serial number removed or obliterated in violation of 18 U.S.C.A. §§ 922(k), 924(a)(1)(B) (West Supp. 1996) (Count Two). He challenges his conviction and his fifteen-year sentence. We affirm.

Burton first contends that the district court erred in denying his motion to suppress the evidence seized at his arrest on the ground that the police lacked reasonable suspicion to detain him. See Terry v. Ohio, 392 U.S. 1, 30 (1968) (brief investigative stop permissible with reasonable suspicion of ongoing criminal activity based on specific articulable facts). The district court made the following findings at the suppression hearing. About 9:30 p.m. on February 13, 1995, police patrolling an apartment complex in a high crime area of Richmond, Virginia, saw four men standing beside a car with North Carolina license plates. The car had no tenant parking sticker although signs were posted prohibiting parking by non-tenants and prohibiting tres-passing. On seeing the police car, the four men immediately began walking in different directions. Officer Kurisky noticed that Burton put his right hand in his pocket as he quickly walked away, looking over his shoulder at the police.

Kurisky followed Burton to the door of an apartment where Burton stood knocking and calling for someone to open the door. In response to Kurisky's questions, Burton first said he lived at the apartment, then said he was visiting there but did not know who lived there. He ignored Kurisky's requests that he remove his hand from his pocket and submit to a pat-down search. When the door was opened, Burton pushed the officer away and rushed inside. Officer Kurisky followed and a tussle ensued. Burton broke away and ran into the kitchen where he wedged his right side between the refrigerator and the counter. As a second police officer arrived, Burton took a Lorcin .380 semiautomatic pistol out of his right pocket. He was subsequently arrested. The serial numbers on the pistol had been drilled out, mak-ing most of the numbers only partially legible.

2

Burton argues that he was unlawfully detained when Officer Kurisky followed him to the door of the apartment. We disagree. A protective search for weapons is permissible under Terry if circumstances warrant it. In evaluating the validity of an investigative stop, a court must consider the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989). Burton's hurried departure from a group huddled beside a car with no tenant parking sticker, his right hand shoved into his pocket, and his nervous glances at the police, all occurring in an area plagued by drug dealers, gave police ample reason to suspect possible criminal activity and the presence of a weapon. Therefore, the district court did not err in denying the motion to suppress.

Next, although he did not preserve the issue for appeal by raising an objection in the district court, Burton claims that the evidence was insufficient to convict him under § 922(g) because the government failed to prove that his civil rights had not been restored. We review the issue under the plain error standard. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). An appeals court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "fairness, integrity or public reputation of judicial proceedings." Olano , 507 U.S. at 736-37; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

In this case, the government failed to put on any proof at trial of the "continuing vitality" of Burton's prior convictions, which we have held to be necessarily a part of proving a prior conviction. United States v. Essick, 935 F.2d 28, 31 (4th Cir. 1991). Burton has thus identified a plain error which affected his substantial rights. Cf. Cedelle, 89 F.3d at 185. However, Burton does not suggest here that his rights had in fact been restored on any of those convictions. In Virginia, a felon's civil rights are not automatically restored by the passage of time. To regain his rights, a felon must receive a pardon by the governor. Va. Const. art. V, § 12. An unpardoned felon may petition the circuit court in the district where he resides for a permit to possess a firearm. Va. Code Ann. § 18.2-308.2(C) (Michie 1996). However, Burton does not claim that he obtained either a pardon or a permit. The error thus did not result in the conviction of an innocent

3

person or "seriously affect the fairness, integrity or `public reputation of judicial proceedings.'" <u>Olano</u>, 507 U.S. at 735-37. Consequently, we decline to notice it and we affirm Burton's conviction on Count One.

Burton also argues that the government failed to prove that he knew the serial numbers had been removed or obliterated. However, he did not dispute the government's assertion at trial that the obliteration was obvious because the drill left a series of silver holes on the black firearm. The judge was able to observe the firearm and could infer that Burton knew the serial number had been defaced. <u>See</u> <u>United States v. Moore</u>, 54 F.3d 92, 101 (2d Cir. 1995) (knowledge of defacement may be inferred), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 19, 1996) (No. 95-6998). The evidence was thus sufficient on Count Two.

Finally, Burton challenges his fifteen-year sentence under § 924(e). Burton had previously been convicted three times of breaking and entering at night with the intent to commit larceny. These crimes constituted generic burglary as the term is used in§ 924(e)(2)(B). <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 598-99 (1990). Moreover, the offenses were committed on different dates. He thus qualified for the enhanced sentence. Burton was not sentenced as a career offender under USSG § 4B1.1 and his prior sentences for possession of cocaine did not affect the enhancement of his sentence.

The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4