**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4006

RICHARD MELVIN NESBITT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-95-350)

Submitted: April 1, 1997

Decided: July 30, 1997

Before ERVIN, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Alfred William Walker Bethea, Assis-
tant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard M. Nesbitt was convicted by a jury of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). Nesbitt filed a timely appeal, and his counsel filed a formal brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he certified that there were no meritorious issues for appeal. Nonetheless, he presented two issues: whether sufficient evidence supported the jury's conviction and whether the court erred by not departing downward from the applicable guideline range. The time for filing a supplemental brief has passed, and Nesbitt has not responded. While we affirm Nesbitt's conviction, we vacate his sentence and remand for resentencing.

Initially, Nesbitt claims that the evidence was insufficient to support the jury's conviction. This court reviews sufficiency of the evidence deferentially, sustaining the verdict if the evidence, viewed in the light most favorable to the government, is such that a rational trier of fact could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). The essential elements of the 18 U.S.C. § 922(g)(1) offense are: (1) knowing possession of a firearm, (2) in or affecting commerce, (3) by one who has been convicted of a crime punishable by more than one year in prison, (4) whose civil rights have not been restored. 18 U.S.C. §§ 921, 922 (1994); see United States v. Essick, 935 F.2d 28, 29-31 (4th Cir. 1991).

The evidence here easily satisfied the Glasser test of sufficiency as to each of the elements. The parties stipulated that Nesbitt had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. The firearm at issue was manufactured in New York, and had to travel in interstate commerce to reach South Carolina, where it was possessed by Nesbitt. Further, there was substantial evidence to support the knowing possession element. The evidence showed that Nesbitt purchased the firearm at issue from William Anthony Elliott and sold it to Charles Casselman approximately a year later. Accordingly, we affirm Nesbitt's conviction.

Nesbitt next contends that the district court abused its discretion by not departing downward from his guideline range. A district court's

2

discretionary decision not to depart is not reviewable unless it is based on a mistaken belief that the court lacks the legal authority to depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

The district court correctly found that because of Nesbitt's three predicate offenses, it could not impose a sentence below the statutorily mandated fifteen-year sentence (180) months. 18 U.S.C. § 924(e) (1994). However Nesbitt requested a departure from his guideline range based on an overstated criminal history because the predicate offenses were remote in time. Based on our review of the sentencing transcript, we find that the district court erroneously believed that it did not have the legal authority to depart from the bottom of Nesbitt's guideline range, 188 months. See United States Sentencing Commission, Guidelines Manual, § 4A1.3, p.s. (Nov. 1994). Accordingly, we vacate Nesbitt's sentence and remand for resentencing. On remand, the court should consider whether there are any meritorious grounds for departing downward from Nesbitt's guideline range.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED