**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4698

WILLIAM STEPHEN JAVAGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-95-7)

Submitted: September 30, 1997

Decided: October 20, 1997

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, Elkins, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Sherry L. Muncy,
Assistant United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Stephen Javage was convicted by a jury of possession of a firearm while a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1997) and sentenced to sixty-three months imprisonment. On appeal, Javage challenges the sufficiency of the evidence to support his conviction and the district court's denial of his motion to suppress incriminating statements. We affirm the conviction and sentence.

Viewed in the light most favorable to the Government, evidence presented at trial discloses that a gun owned by Jackie Ridenour, Javage's brother-in-law, disappeared while he was with Javage and someone else. The gun was reported stolen to the state police, and state police officer Burkhart contacted police officer Feathers, to inquire whether he knew Javage and whether he had seen the gun. Feathers replied that he knew Javage and that he had seen the gun in Javage's home. At Burkhart's instruction, Feathers retrieved the gun from Javage and asked Javage to go to the police station to talk with Burkhart. Javage proceeded to the police station, where he was read his Miranda[1] rights and signed a waiver. In conversing with Burkhart, Javage stated that he "found" the gun, that he had it in his possession for approximately a week, and that he wanted to purchase it, but intended to return it. Further investigation revealed Javage was a convicted felon.

Javage first contends that the evidence was insufficient to support the jury's conviction. This Court will sustain a jury verdict if the evidence, viewed in the light most favorable to the government, is such that a rational trier of fact could find guilt beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or review the credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The essential elements of the 18 U.S.C. § 922(g)(1) offense are: (1) knowing possession of a firearm, (2) in or affecting commerce, (3) by one who has been convicted of a crime punishable by more than one year in prison, (4) whose civil

_____

**1 Miranda v. Arizona**, 384 U.S. 436 (1966).

2

rights have not been restored. See United States v. Essick, 935 F.2d 28, 29-31 (4th Cir. 1991).

Javage testified at trial that Feathers advised him to report the gun missing. Javage claimed that after he and his wife discovered the gun, his wife maintained control over it. When they informed Feathers that they located the gun, Feathers allegedly agreed that Javage could return the gun to its owner at an upcoming party. Allegedly with Feathers' approval, Javage's wife stored the gun in a locked box. Javage posits that he never possessed the gun because he never exercised dominion and control over it. In addition, he asserts that because he acted entirely upon the instructions of a law enforcement officer, there was insufficient evidence to convict him.

The Government introduced evidence that Javage found the gun, kept it in his home for over a week, and then turned it over to Feathers. Feathers testified that he initially observed the gun on a dining room table in Javage's home. Aside from Javage's testimony, there is no other evidence that Feathers instructed Javage to keep the gun locked in a box. Furthermore, Javage admitted to Burkhart that he found the gun and wanted to purchase it, but intended to return it. Resolution of the factual issue of whether Javage possessed the gun was within the province of the jury, and we find there is substantial evidence to support Javage's conviction.[2]

Javage also maintains that the court erred in denying his motion to suppress his incriminating statements to Burkhart at the police station. While Javage concedes that he received his Miranda warnings and waived his rights, he claims that his statement was involuntary because Burkhart stated prior to giving him the Miranda warnings that he was just taking a statement to "close the books" and that the statement would not be used for any prosecution against him.

While we review the district court's factual determinations in regard to voluntariness for clear error, we review the court's determination regarding the voluntariness of a defendant's statement de novo. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987).

_____

[2] Javage stipulated that he was previously convicted of a crime punishable by imprisonment for a term exceeding one year and that his civil rights have not been restored.

3

The relevant determination regarding voluntariness is whether the police overcame the defendant's will or left his "capacity for self-determination critically impaired." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). Additionally, when a finding of voluntariness is based upon the credibility of witnesses, we accord even greater deference to the district court's factual determinations. See Locklear, 829 F.2d at 1317.

Javage testified that Feathers and Burkhart assured him that the questioning was just routine and that no prosecution would result. Both Feathers and Burkhart denied making such promises. In fact, during the suppression hearing, Burkhart testified that the gun was initially reported stolen and he was not aware until the day after Javage made his statement that the owners of the gun chose not to pursue criminal charges. As the investigation was still ongoing at the time of Javage's statement, the magistrate judge, who recommended that the court deny the suppression motion after holding a hearing, concluded that it was more likely that Burkhart informed Javage that the questioning was part of his investigation rather than a mere formality to close the books. After considering witness testimony, the district court overruled Javage's objections to the magistrate judge's report and recommendation and denied the motion. The court found that Javage's will was not overborne. We find that the court's factual determinations were not clearly erroneous and that they support the court's conclusion that Javage's statement was voluntary.

Javage also alleges that the trial court failed to give the jury an Allen[3] charge and raises various other issues concerning jury instructions, jury deliberations, and closing argument. Because he failed to request an Allen charge and failed to object to any of the other alleged errors at trial, we find these issues are waived. See United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979). Accordingly, we affirm Javage's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED
_____

**3 Allen v. United States**, 164 U.S. 492 (1986).

4