# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-6642

JOHN KELLY PARSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-277, CA-00-367-1)

Argued: October 29, 2002

Decided: December 30, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
Andre M. DAVIS, United States District Judge
for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Michael Fran-
cis Joseph, Assistant United States Attorney, Greensboro, North Car-
olina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Kelly Parson appeals from the district court's denial of relief under 28 U.S.C. § 2255. We granted a certificate of appealability, limited to the issue of whether Parson's conviction resulted from a violation of the Ex Post Facto Clause, and appointed counsel to represent Parson on appeal. Having had the benefit of formal briefing and oral argument, we affirm the order of the district court denying relief.

On June 24, 1998, Parson shot his father. Subsequently, Parson was indicted by a federal grand jury in the Middle District of North Carolina for, *inter alia*, a violation of 18 U.S.C. § 922(g)(1), possession of a firearm after previously having been convicted of a crime punishable by imprisonment for a term exceeding one year, and 18 U.S.C. § 1513(a)(1)(A), retaliation against a witness. Pursuant to a plea agreement, Parson later pled guilty to each of the above charges. Parson was sentenced on March 11, 1999, to imprisonment for a term of 108 months concurrent as to each count. He did not appeal from his conviction or sentence.

Parson's predicate felony conviction as to the § 922(g)(1) charge was a June 28, 1988, North Carolina state court conviction for sale of a counterfeit controlled substance, a crime punishable by a term of imprisonment exceeding one year. The state court had sentenced Parson to eight months imprisonment (suspended), one year *supervised* probation, two years *unsupervised* probation, and a $100 fine. After Parson completed the one year of supervised probation, the State of North Carolina issued to Parson a "final discharge" on June 27, 1989, apparently disregarding or overlooking the existence of the period of unsupervised probation that had been made part of the sentence by the sentencing judge. At the time the state issued the discharge certificate, North Carolina law provided for a limited restoration of rights effective five years after issuance of the discharge, but that statute was

effectively repealed before the events of June 24, 1998, the day on which Parson shot his father.

In April 2000, Parson filed an amended motion to vacate sentence under 28 U.S.C. § 2255. Specifically, Parson moved to vacate his sentence on the firearms charge on the ground that his right to possess firearms had been effectively restored under North Carolina law five years after he received his discharge from probation on June 27, 1989, i.e., on June 27, 1994. Consequently, according to Parson, he was not a prohibited person at the time he possessed the firearm used to shoot his father in June 1998. The district court denied relief. Parson noted a timely appeal.

We have held that a "knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (direct appeal from guilty plea). Furthermore, "a guilty plea constitutes a waiver of all nonjurisdictional defects, including 'the right to contest the factual merits of the charges.'" *Id.* (citations omitted); *see United States v. Broce*, 488 U.S. 563, 569 (1989).

We discern no reason whatsoever why the rule of *Willis* should not apply to post conviction claims asserted under § 2255. Section 922(g)(1) provides in pertinent part that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1). Thus, the essential elements of this offense are that the defendant was a prohibited person at the time of the offense, that he voluntarily and intentionally possessed a firearm and that the firearm traveled in interstate commerce at some point. *See United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Parson knowingly and voluntarily pled guilty to possessing a firearm that was in or affecting commerce in connection with shooting his father after he had previously been convicted of the sale of a counterfeit controlled substance in state court, a crime punishable by a term of imprisonment exceeding one year. Specifically, in voluntarily executing the written stipulation comprising the "Factual Basis for A Guilty Plea," Parson (and his attorney) stipulated that at the time Parson shot his father on June 24, 1998, he

could not lawfully possess a firearm because he was convicted of the felony of sale of a counterfeit controlled substance, a crime punishable by a term of imprisonment exceeding one year on June 28, 1998, in Lexington, North Carolina. North Carolina no longer restores the right of a convicted felon to possess a handgun . . . .

(J.A., Vol. I at 20).*

Manifestly, therefore, Parson's guilty plea constitutes an admission of all material facts necessary to sustain his conviction on the firearms charge under the reasoning of *Willis*. Parson does not challenge the voluntary, knowing, and intelligent nature of this guilty plea. *See Willis*, 992 F.2d at 490-91. Accordingly, we affirm the denial of relief under § 2255.

*AFFIRMED*

---

*Parson is simply mistaken in his contention that in establishing a factual basis for his guilty plea, "the government did not set forth any information beyond the mere date of Parson's predicate felony conviction." Appellant's Brief at 13. As quoted in text, the parties' factual stipulation expressly mentions the issue of restoration of civil rights. The stipulation that "North Carolina no longer restores the right of a convicted felon to possess a handgun" can only reasonably be interpreted in the context of this case to mean that Parson (and his attorney) agreed that under North Carolina law, Parson was a prohibited person. Thus, Parson's reliance on *United States v. Essick*, 935 F.2d 28 (4th Cir. 1991), is misplaced. In *Essick*, an appeal of a § 922(g)(1) conviction after a jury trial, we held that the government's proof was insufficient to sustain the jury's guilty verdict. *Id*. at 31. Plainly, in this case, we are not confronted with the issue of proof of guilt beyond a reasonable doubt, but whether the government offered a factual basis sufficient to permit the district judge to conclude that there was adequate factual support for Parson's guilty plea. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997) ("In order to comply with Rule 11(f), a district court need not replicate the trial that the parties sought to avoid. Rather, it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense.") (citations omitted).