UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin James REEDY, Defendant–
Appellant.

No. 92–5156.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1992.

Decided April 5, 1993.

Leonard A. Kaplan, Asst. Federal Public Defender, argued (Hunt L. Charach, Federal Public Defender, Charleston, WV, on brief), for defendant-appellant.

Michael Lee Keller, Asst. U.S. Atty., argued (Michael W. Carey, U.S. Atty., William J. Powell, Asst. U.S. Atty., Charleston, WV, on brief), for plaintiff-appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.

**OPINION**

SPROUSE, Senior Circuit Judge:

A jury convicted Marvin Reedy under 18 U.S.C. § 922(g)(1), which prohibits a felon from possessing a firearm. The events that led up to his conviction occurred around midnight on July 22, 1991. At that time, residents near the 1600 block of West Washington Street, Charleston, West Virginia, reported hearing gunshots. One local resident, Lori Dillon, told police that she heard voices shout "he's got a gun" and saw two men in a dark car drive into a nearby parking lot.[1] Ms. Dillon told police

1. According to the record, Lori Dillon flagged down Sergeant Gary Gunno and told him:

that one of the men was Marvin Reedy and that the dark car was "sitting up there at the red light."

Upon receiving this information, the police raced up to the car sitting at the red light and pulled it over. When Reedy stepped out, the police saw a shotgun lying on the passenger seat of the car. They seized the gun and arrested Reedy. A pat-down search of him revealed ammunition for the seized shotgun.

Before trial, Reedy moved unsuccessfully to suppress the gun, claiming a Fourth Amendment violation. At trial, Reedy stipulated that he had been convicted of a felony within the meaning of 18 U.S.C. §§ 922(g)(1) and 921(a)(20). As a result, the government did not present evidence of Reedy's undisputed prior convictions at trial. After the jury found him guilty, the court sentenced him to fifteen years in prison pursuant to the mandatory sentence enhancement provision of 18 U.S.C. § 924(e).

We consider Reedy's three major arguments on appeal. First, Reedy contends that the district court erred in finding that the police had reasonable suspicion, required by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to stop the car in which he was a passenger. Second, he argues that his stipulation did not discharge the government from its responsibility of proving an essential element of § 922(g)(1)—that his civil rights had not been restored for the prior felony conviction—and the district court erred by not instructing the jury on that point. Finally, Reedy asserts that the district court improperly considered his previous convictions to enhance his sentence under 18 U.S.C. § 924(e). We affirm the district

court on Reedy's first two arguments, but we reverse on his third.

## I

■ In denying Reedy's motion to suppress the shotgun, the district court concluded that the police had reasonable suspicion to make an investigatory stop of the car in which Reedy was a passenger. We agree. As we have held, a police officer may conduct a *Terry* stop if the officer has a reasonable suspicion supported by articulable facts that criminal activity " 'may be afoot.' " *United States v. Crittendon*, 883 F.2d 326, 328 (4th Cir.1989) (quoting *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884). Here, the police received reports of gunshots in the area late at night. A citizen on the scene substantiated those reports, adding that she had seen a dark car drive into a parking lot amid shouts that someone had a gun. She identified the defendant and pointed the officer in the direction of the car. Based on the totality of these circumstances, we uphold the district court's conclusion that the police had reasonable suspicion to stop the car. *See Terry*, 392 U.S. at 30, 88 S.Ct. at 1884.

## II

■ Reedy next argues that the district court's failure to instruct the jury on an element of the firearm offense under 18 U.S.C. § 922(g)(1) was plain error.[2] *See United States v. Polowichak*, 783 F.2d 410, 415–16 (4th Cir.1986). After considering the effect of Reedy's stipulation, we find that the district court did not err in its instructions to the jury.

■ Section 922(g)(1) makes it unlawful for a felon to possess a firearm.[3] A viola-

"[T]he people in the parking lot said the man in the car that is sitting up there at the red light had a gun. And if you want to catch him, there he is." Sergeant Gunno's recollection of his conversation with Dillon was that she told him "a gentleman had pointed a shotgun at her and was driving a car," and then she pointed toward the car.

**2.** Because Reedy raises this argument for the first time on appeal, we review the district court proceedings for plain error. Fed.R.Crim.P.

52(b). Plain error must have such a prejudicial effect on the defendant's substantial rights that it undermines the fundamental fairness of the trial and contributes to a miscarriage of justice. *United States v. Young*, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1042 n. 14, 84 L.Ed.2d 1 (1985).

**3.** Section 922(g)(1) states that it is unlawful "for any person ... who has been convicted ... of[ ] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport ... any firearm." 18 U.S.C. § 922(g)(1).

tion of § 922(g)(1), however, cannot be predicated on a felony conviction for which a person's civil rights have been restored. 18 U.S.C. § 921(a)(20).[4] We recently held in *United States v. Essick*, 935 F.2d 28, 31 (4th Cir.1991), that to obtain a conviction under § 922(g)(1), the government must prove as an element of its case that the state *has not* restored the defendant's civil rights for the predicate felony.[5] *See Polowichak*, 783 F.2d at 415 (requiring every element of an offense, requested or not, to be included in jury instructions). Thus, Reedy argues, the court erred in not instructing the jury on that element.[6]

It is true that the court did not charge the jury on the element of restoration of civil rights, nor did the government prove the continuing vitality of Reedy's prior felony conviction. In fact, in reliance on Reedy's stipulation, the government offered *no* proof that Reedy had previously been convicted of a felony. The stipulation provided:

> The Defendant Marvin James Reedy stipulates and admits on July 22, 1991, and at all times relevant to the indictment that he had been convicted of a felony as charged in the indictment and within the meaning of Title 18, United States Code, Sections 922(g)(1) and 921(a)(20).

The express language of the stipulation shows Reedy's agreement that he had been convicted of a felony within the meaning of 18 U.S.C. §§ 922(g)(1) *and* 921(a)(20). Reedy has made no effort to invalidate the stipulation by showing, for instance, that it was wrong, that he entered into it inadvertently, or that he was incompetent when he made it. By presenting nothing to cast doubt on the stipulation's validity, Reedy

abandoned any basis for challenging its evidentiary value as to the stipulated elements. *See United States v. Poore*, 594 F.2d 39, 41 (4th Cir.1979) (defendant's stipulation to a prior felony satisfied 18 U.S.C. § 1202(a)'s requirement of a prior felony conviction); *see also Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991) (a stipulation is an admission and cannot be disregarded or set aside at will); *Mangaroo v. Nelson*, 864 F.2d 1202, 1204–05 (5th Cir.1989) (equitable estoppel prevents a party from contesting a stipulated issue when other party has relied on it with substantial detriment); *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir.1987) (failure to object at trial to any portion of the stipulated evidence invalidates claim that stipulation was involuntary).

Here, the government had no reason to present evidence that would have duplicated the stipulated facts. In fact, such evidence might have been inadmissible as prejudicial to the defendant. *See Poore*, 594 F.2d at 41. Instead, the government justifiably relied on the stipulation not only as proof that Reedy had been convicted of a prior felony, but also as proof of the *Essick* element: that Reedy's civil rights had not been restored for that felony. *See* 18 U.S.C. §§ 921(a)(20), 922(g)(1); *United States v. Essick*, 935 F.2d 28, 31 (4th Cir. 1991). Hence, the district court's instructions were not error, plain or otherwise.[7]

### III

Reedy's final challenge is to the district court's application of the armed career criminal enhancement provision, 18 U.S.C.

---

**4.** Section 921(a)(20) states in part that "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter."

**5.** In *Essick*, we rejected the government's contention that it had to prove only a defendant's prior felony conviction to satisfy its burden of proof in a 18 U.S.C. § 922(g)(1) trial. *Essick*, 935 F.2d at 31. Instead, we held that "[p]roof of a prior 'conviction' encompasses ... proof of ... the continuing vitality of the conviction." *Id.*

**6.** The district court instructed the jury:

> [T]he government has to prove to you that [at the time of the alleged offense], Marvin James Reedy was an individual who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. As you know, there is a stipulation on that point.

**7.** Because the court instructed the jury that it was not required to accept the stipulation, the stipulation was not a partial guilty plea, as Reedy argues, necessitating resort to Federal Rule of Criminal Procedure 11.

§ 924(e), to sentence him to fifteen years in prison.[8] For § 924(e)'s mandatory enhancement provision to apply, a defendant must have three previous convictions for a violent felony or serious drug offense. Reedy does not dispute that he has three previous West Virginia felony convictions: entering without breaking in 1968, breaking and entering in 1978, and burglary in 1982. In 1975, however, West Virginia officially restored Reedy's civil rights for the 1968 conviction. Because of this civil rights restoration, Reedy objects to the district court's use of his 1968 conviction toward enhancing his sentence under § 924(e). We agree that Reedy's 1968 conviction does not qualify as a "violent felony" for sentencing purposes; thus, the district court erred in applying the enhancement provision of section 924(e).

It is true that section 924(e) defines "violent felony" as a "crime punishable by imprisonment for a term exceeding one year," and under that bald definition the 1968 conviction would count as an enhancing conviction. Section 921(a)(20), however, modifies the definition of "crime punishable by imprisonment for a term exceeding one year" to exclude convictions "for which a person ... has had civil rights re-

stored." [9] As Reedy correctly points out, 18 U.S.C. § 921(a)(20), by its terms, applies to the entire firearms chapter of the United States Code, which includes 18 U.S.C. § 924(e). We recognized that recently in *United States v. Lender*, 985 F.2d 151, 155 (4th Cir.1993) (published), where we characterized § 921(a)(20) as "the relevant definitional section of the chapter." To the same effect, see *Davis v. United States*, 972 F.2d 227, 229 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1360, 122 L.Ed.2d 740 (1993); *United States v. Ellis*, 949 F.2d 952, 953 (8th Cir.1991); *United States v. Davis*, 936 F.2d 352, 356 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. Burns*, 934 F.2d 1157, 1159–60 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct.. 1246, 117 L.Ed.2d 478 (1992); *United States v. Decoteau*, 932 F.2d 1205, 1207–08 (7th Cir.1991); *United States v. Traxel*, 914 F.2d 119, 122 (8th Cir.1990); *United States v. Erwin*, 902 F.2d 510, 511–13 (7th Cir.), *cert. denied*, 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). *Compare United States v. Bell*, 983 F.2d 910 (9th Cir.1993) (per curiam) (reading §§ 921(a)(20) and 924(e) simultaneously) *with United States v. Sherbondy*, 865 F.2d

8. Section 924(e) provides:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

(2) As used in this subsection—

....

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

9. Section 921(a)(20) provides:

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

....

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the persons may not ship, transport, possess, or receive firearms.

996, 1004–05 (9th Cir.1988) (reading them separately).

The question whether a felon's civil rights have been restored is, of course, a question of state law. 18 U.S.C. § 921(a)(20); *Lender,* at 155. Here, it is undisputed that Reedy's civil rights for one of his three previous convictions have been officially restored under the laws of West Virginia. In 1975, the West Virginia Commissioner of Public Institutions sent Reedy an "Official Certificate of Discharge" stating without qualification that "any and all civil rights heretofore forfeited are restored" for his 1968 conviction. Thus, that conviction should not have been applied toward enhancing his sentence.[10]

In consideration of the above, we affirm the district court's judgment as to Reedy's guilt and remand with instructions to vacate Reedy's sentence and resentence him in accordance with the views expressed in this opinion.

***AFFIRMED IN PART, REVERSED AND REMANDED IN PART.***

---

**10.** Because of this conclusion, we need not consider Reedy's other contentions of error relating to his sentence enhancement.