7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Edward JENKINS, Defendant-Appellant.
 No. 93-5184.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 23, 1993.
Decided: September 23, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 James Douglas Hill, for Appellant.
 Jerry W. Miller, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, for Appellee.
 W.D.N.C.
 AFFIRMED
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Willie Edward Jenkins entered a guilty plea to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1993). Based on Jenkins's prior record, the district court sentenced him to fifteen years in prison pursuant to the Armed Career Criminal provision of 18 U.S.C.A. § 924(e) (West Supp. 1993). Jenkins appeals from his sentence. We affirm.
 
 
 2
 Jenkins's sole contention on appeal is that because North Carolina law restored his civil rights prior to his present offense, his prior convictions should be excluded from consideration unders 924(e), pursuant to 18 U.S.C.A. § 921(a)(20) (West Supp. 1993).* See United States v. Reedy, 990 F.2d 167, 170 (4th Cir. 1993) (section 921(a)(20) narrows parameters of § 924(e) career criminal provision). However, North Carolina law withholds restoration of the right to possess a firearm from a convicted felon for five years after his"conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later." N.C. Gen. Stat. § 14-415.1 (1992). Moreover, we have recently held that under North Carolina law a person who failed to stay out of prison for five years between offenses never had his right to possess a firearm restored and thus, his prior felony convictions are not excluded under § 921(a)(20), but are subject to § 924(e). United States v. Clark, 993 F.2d 402 (4th Cir. 1993).
 
 
 3
 Jenkins's record reveals that he did not stay out of prison for five years between convictions. He was convicted of assault with a deadly weapon in 1978. Less than five years later, in 1983, he was again convicted of assault with a deadly weapon, sentenced to five years, and released in 1984. In 1987, less than five years later, he was convicted of possession with intent to sell and deliver heroin and cocaine and possession with intent to manufacture marijuana. He was released in 1988, and pled guilty to his present offense in October 1992, less than five years later. Hence, he never had his full civil rights restored, and his three prior felonies were appropriately used by the district court to enhance his sentence under § 924(c).
 
 
 4
 Therefore, we affirm Jenkins's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Section 921(a)(20) provides in pertinent part:
 Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.