14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence M. BRAWNER, Defendant-Appellant.
 No. 92-5729.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1993.
Decided Dec. 20, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Robert C. Whitestone, Robert J. Cunningham, Jr., Jeffrey D. Brown, Third Year Practice, Whitestone, Brent, Young & Merril, P.C., for appellant.
 Kenneth E. Melson, U.S. Atty., Dwight P. Bostwick, Sp. Asst. U.S. Atty., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lawrence M. Brawner appeals his convictions of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. Sec. 846 (1988), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. Sec. 841 (West 1981 & Supp.1993). Brawner claims that the district court erred in admitting transcripts of taped conversations between himself and a former co-conspirator turned government agent, Leon Stokes. He also contends that the district court committed plain error by not instructing the jury that at the time of the conversations there could be no conspiracy between Stokes and Brawner because Stokes was an agent of the police. We find no error and affirm Brawner's convictions.
 
 
 2
 At trial, the Government introduced transcripts of three taped conversations between Brawner and Stokes relating to Brawner's ongoing drug activity, his drug use, and a potential drug sale between Brawner and Stokes. The conversations occurred after Stokes was arrested and had entered a guilty plea. Because Stokes was not a conspirator at the time of the conversations, Brawner asserts that the transcripts were erroneously admitted to show a conspiracy between the two. Incriminating statements by a conspirator after the conspiracy is over are admissible against the declarant, Lutwak v. United States, 344 U.S. 604, 618 (1953), and the statements and actions by a conspirator after the conspiracy is over can properly be admitted to show intent and knowledge of the conspiracy. United States v. Chase, 372 F.2d 453, 460-61 (4th Cir.), cert. denied, 387 U.S. 907 (1967). This is especially true where the statements are made to a former conspirator, involve the same types of transactions as alleged in the conspiracy, and are in close proximity to the conspiracy. Id. The transcripts were not introduced to show a conspiracy between Stokes and Brawner at that time, but to establish that Brawner had engaged in a conspiracy with Stokes in the past, and that Brawner was still engaged in a conspiracy with others to sell cocaine. Hence, the district court did not err in admitting the transcripts.
 
 
 3
 Brawner's second claim is that the district court committed plain error by not instructing the jury that Stokes was not a co-conspirator during the conversations.* He contends that admission of the transcripts led to his conspiracy conviction. An error constitutes plain error if it is so prejudicial to a substantial right that it undermines the fairness of the trial and contributes to a miscarriage of justice. United States v. Reedy, 990 F.2d 167, 168 n.2 (4th Cir.1993) (citation omitted).
 
 
 4
 Because there was evidence other than the transcripts of the conversations to support Brawner's role in the conspiracy, Brawner was not prejudiced by the court's refusal to give the instruction. Stokes testified as to Brawner's participation in the drug distribution enterprise, a bag containing cocaine found in Stokes' apartment had Brawner's fingerprint on it, and Brawner's social security card and other identification cards were found with drug paraphernalia in Stokes' apartment. Additionally, it was shown at trial that Brawner had no legitimate source of income during the time of the alleged conspiracy. Thus, the transcripts were not unduly prejudicial, and the district court's refusal to give a jury instruction on the issue was not plain error.
 
 
 5
 We affirm Brawner's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Brawner's counsel did not object to the absence of such a jury instruction at trial