**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4113

CHRISTOPHER CHUCK UGBAJA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-95-172-DKC)

Submitted: August 12, 1997

Decided: September 10, 1997

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Epstein, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Deborah A. Johnston, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Christopher Ugbaja appeals from concurrent twenty-seven month sentences imposed after a jury convicted him of one count each of conspiracy to produce, use, or traffic in counterfeit and unauthorized access devices, see 18 U.S.C.§ 1029(b)(2) (1994), and theft of United States mail and aiding and abetting in the same, see 18 U.S.C. §§ 2, 1708 (1994). On appeal, he asserts that the district court committed plain error when it failed to instruct on the elements of the substantive offenses that were the objects of the conspiracy, that the court erred in its calculation of the amount of loss attributable to him, and that his defense counsel rendered ineffective assistance by failing to argue for a mitigating adjustment to his sentence because he was a minor participant. Finding no error, we affirm.

Ugbaja was part of a conspiracy that stole credit cards and credit card applications from mailboxes in the apartment complex in which he lived. The conspirators, one of whom was the mail carrier for the complex ("Thompson"), would either alter existing credit cards or apply for credit in the victims' names. The conspirators gained access to the mailboxes by using a master key provided by Thompson. Thompson also ensured that the falsely obtained credit cards and the bills were delivered to the conspirators. The conspirators used the credit cards to obtain office and computer equipment for shipment to Nigeria, to obtain cash advances, and to purchase other goods and services. The total loss attributable to the conspiracy exceeded $70,000.

Ugbaja was apprehended after a resident of the complex observed him and another conspirator ("Ifeancho") stealing mail from the boxes and called the police. Several items of financial mail, stolen from the complex and containing the fingerprints of both men, were seized from Ifeancho's vehicle. A subsequent search of Ugbaja's apartment resulted in the seizure of two unopened laser jet printers, a handwritten list of addresses in the complex, and a credit card statement with the return address changed so that the conspirators would receive future statements. An additional search was conducted on a storage unit rented by Ifeancho under an alias. Investigators recovered several brand new televisions and four more printers identical to those seized

2

from Ugbaja's apartment. The printers were also identical to those purchased by Ifeancho and an individual generally matching Ugbaja's description from local stores using unauthorized/counterfeit credit cards.

It is undisputed that the district court properly instructed the jury on the elements of conspiracy. Ugbaja asserts, however, that the court erred by failing to also instruct the jury on the elements of the substantive offenses that were the objects of the conspiracy. We find this assertion to be without merit.

Ugbaja did not challenge the instructions at trial. Therefore, this issue is waived absent plain error. See United States v. Reedy, 990 F.2d 167, 168 n.2 (4th Cir. 1993); see also Fed. R. Crim. P. 52(b). For error to be plain, it must be an obvious violation that is prejudicial to the appellant. See United States v. Olano, 507 U.S. 725, 732-35 (1993). Although the district court in the present case was required to instruct on the essential elements of the offense, it is undisputed that it did so. Ugbaja cites no authority supporting his assertion that the district court was also required to instruct on the elements of offenses which, though related, were distinct from the offense of conviction, and we decline his invitation to adopt such a rule. Accordingly, we find that the district court's instructions, taken as a whole, were not plainly erroneous.

We also reject Ugbaja's assertion that the district court erred in its calculation of the amount of loss attributable to him. We review the district court's determination of the amount of loss, a factual finding, for clear error. United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). In the present case, we find that the record supports the district court's determination that Ugbaja was responsible for over $70,000 in losses. Ifeancho admitted to investigators that the loss amount was over $79,000, and investigators testified in detail about additional losses. In addition, we find that there was ample evidence to show that Ugbaja, who was a member of the three-man conspiracy from its inception, was aware of the group's activities and could reasonably foresee that the credit cards would be used to obtain goods and services. Moreover, contrary to Ugbaja's claims, we find there was evidence suggesting that he was directly involved in some of the losses.

3

Finally, we review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court on direct appeal. Id. In the present case, we find that the record does not support Ugbaja's contention that his counsel was ineffective. The record clearly shows that counsel argued that Ugbaja played only a minor role in the offense. Because no ineffectiveness conclusively appears on the record, this claim is not cognizable on direct appeal.

We therefore affirm Ugbaja's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4