**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4249

RICHARD JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-397)

Submitted: September 30, 1997

Decided: October 15, 1997

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Elizabeth Ann Jex, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard A. Johnson appeals from his convictions and sentences for assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1) (1994), assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3) (1994), and possession of a shank in violation of 18 U.S.C. § 113 (1994). Johnson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing the sufficiency of evidence to sustain Johnson's convictions and whether the district court properly instructed the jury regarding each element of the offense charged. Counsel asserts that there are no meritorious issues for appeal. Johnson was notified of his right to file an additional brief, but has not done so. The Government elected not to file a responding brief. We affirm.

To sustain a conviction, the evidence when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer , 1 F.3d 1430, 1437 (4th Cir. 1993). This Court does not weigh the evidence or review the credibility of witnesses in resolving issues of substantial evidence. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The evidence discloses that while incarcerated at the Lorton Reformatory for first degree murder, Johnson repeatedly stabbed inmate William Pace with a shank while correctional officers were escorting Pace back to his cell. Pace's injuries were not life-threatening, but he was hospitalized for two days. Government witnesses included an officer who witnessed the entire incident, an officer who stopped the incident, and the physician who treated Pace. The officer who observed the entire incident testified that Johnson raced towards him and Pace holding a shank and that Pace, who was handcuffed, fell down after Johnson started swinging the shank. Although Pace attempted to defend himself, Johnson stabbed Pace repeatedly in the chest. The assault ended upon the arrival of another officer. Johnson and three other inmates testified on behalf of the defense and suggested that Pace was the aggressor and that Johnson acted in self-defense.

Viewing the facts in the light most favorable to the Government, and considering that we do not assess credibility of witnesses, we find substantial evidence to support Johnson's convictions. The jury simply believed the correctional officers rather than Johnson and the other inmates.

Johnson also contends that the court failed to properly instruct the jury on the elements of each offense. Johnson did not challenge the jury instructions at trial. Therefore, this issue is waived absent plain error. See United States v. Reedy, 990 F.2d 167, 168 n.2 (4th Cir. 1993); see also Fed. R. Crim. P. 52(b). For error to be plain, it must be an obvious violation that is prejudicial to the appellant. See United States v. Olano, 507 U.S. 725, 732-35 (1993). Our review of the jury instructions in question discloses that the court adequately instructed the jury on the elements of the offenses. We therefore find no plain error.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Appellant's convictions and sentences. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3