UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CURTIS HUTAFT WILLIAMS,
　　　　　　*Defendant-Appellant.*

No. 00-4930

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-23)

Submitted: September 20, 2001

Decided: October 4, 2001

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

Samuel J. Randall, IV, Wilmington, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Kimberly A. Moore, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Curtis Hutaft Williams appeals his convictions for making a false statement to a federally licensed firearms dealer in the acquisition of a firearm, in violation 18 U.S.C.A. § 922(a)(6) (West 2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He contends that the evidence was insufficient to convict him. We affirm.

In assessing the sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001) (citing *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc)). If substantial evidence exists to support a verdict, the verdict must be sustained. *Glasser*, 315 U.S. at 80.

Our review of the trial testimony leads us to conclude that the evidence was sufficient to convict Williams of knowingly making a false statement in violation of § 922(a)(6). *United States v. Dillon*, 150 F.3d 754, 759 (7th Cir. 1998) (discussing elements of offense); *United States v. Hester*, 880 F.2d 799, 802-3 & n.4 (4th Cir. 1989) (holding that "knowingly" may be shown by actual knowledge or by "deliberate disregard for [the statement's] truth or falsity with a conscious purpose to avoid learning the truth"). In addition, because Williams stipulated that he had been convicted of a felony and that his civil rights had not been restored, we find that the evidence was sufficient to support Williams' conviction for being a felon in possession of a firearm. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (discussing elements of § 922(g)(1) offense); *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir.) ("It is well settled that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element."), *cert. denied*, 531 U.S. 911 (2000); *United States v. Reedy*, 990 F.2d 167, 169 (4th Cir. 1993) (finding that defendant may not

argue on appeal that evidence is insufficient to support element to which he stipulated).

Accordingly, we affirm Williams' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*