**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4204**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN H. NOBLE, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-03-263)

———————

Submitted:  September 1, 2004      Decided:  November 22, 2004

———————

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank W. Dunham, Jr., Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, S. David Schiller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melvin H. Noble, Jr., was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), and misdemeanor possession of marijuana in violation of 21 U.S.C. § 844 (2000), and sentenced to a total of twenty-one months imprisonment. The charges arose out of a traffic stop of Noble while he was operating a moped. On appeal, Noble challenges the district court's order denying his motion to suppress the evidence discovered during the traffic stop and any statements he made at that time. Finding no error by the district court in denying the suppression motion, we affirm.

During the hearing on Noble's motion to suppress, Lieutenant William C. Smith testified that he observed Noble operating a moped without his helmet properly in place and without protective eye wear. Upon approaching the moped from behind, Smith noted that the moped had a license plate bracket, but no plate. He testified that he stopped the moped "based on the violation that he was not wearing his helmet properly, had no eye protection, no face protection whatsoever, and the vehicle itself, it was -- I could not determine whether or not it was properly registered or is a non[-]motor vehicle, or could have been stolen."[*]

---

[*]The Virginia Code defines a moped to include vehicles "with an engine displacement of [fifty] cubic centimeters or less and a maximum speed of less than [thirty] miles per hour." Va. Code Ann. § 46.2-100 (Michie Supp. 2004) ("Definitions"). If the vehicle operated by Noble did not meet this definition, it would have

Once stopped, Noble provided Smith with identification and a registration form for a moped registered to someone having the same address as Noble. The registration form listed a vehicle identification number (VIN) for the moped. Lieutenant Smith testified that he unsuccessfully attempted to locate the VIN on the exterior of the moped to verify that the registration form provided by Noble was for the moped that he was operating. Smith asked Noble where the VIN was located; Noble replied that he did not know. In response to Smith's inquiry as to whether the VIN was under the seat, Noble handed Smith his keys and said, "I don't know, but you can check."

Smith then opened the seat compartment and, while looking for the VIN, he discovered a firearm. Smith placed Noble under arrest for his possession of the firearm, and searched Noble incident to the arrest. This search uncovered three baggies of marijuana, with a total approximate weight of 5.2 grams.

The district court denied the motion to suppress the firearm, marijuana, and any statements Noble made, finding that the officer's actions in attempting to determine ownership of the moped were reasonable, the firearm was discovered in the course of these actions, and the marijuana was discovered during a valid search incident to arrest. The court also found that Noble consented to the search of the seat compartment.

required a license plate.

This Court has held that a police officer may make an investigative stop of a vehicle upon a reasonable suspicion of criminal activity. United States v. Reedy, 990 F.2d 167, 168 (4th Cir. 1993). When an officer observes the commission of a traffic violation, he has a reasonable basis upon which to stop the vehicle and inquire. Whren v. United States, 517 U.S. 806, 810 (1996).

Lieutenant Smith observed Noble operating the moped while not wearing his helmet properly and not wearing eye protection. These traffic violations justified the stop of the moped. Additionally, Smith noted that there was no license plate in the license plate bracket mounted on the moped. The presence of the bracket suggested that the moped may require a license plate, and the absence of a license plate suggested that the moped may have been stolen. Based on these facts, Lieutenant Smith had reasonable suspicion of criminal activity and the stop was justified. See Whren, 517 U.S. at 810.

Noble asserts that "[w]hen the driver has produced a valid license and proof that he is entitled to operate the [vehicle], he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning." United States v. Rusher, 966 F.2d 868, 876 (4th Cir. 1992) (internal quotation marks omitted). "Any further detention for questioning is beyond the scope of the Terry [v. Ohio, 392 U.S. 1

- 4 -

(1968)] stop and therefore illegal unless the officer has a reasonable suspicion of a serious crime." Id.

However, as Lieutenant Smith testified, Noble had not produced proof that he was entitled to operate the vehicle. The registration form Noble provided was not in his name. Additionally, Lieutenant Smith was unable to determine whether that registration form was for the moped that Noble was operating. Smith's attempt to match the moped to the registration by locating a corresponding VIN on the moped was reasonable in light of his suspicion at the time of the stop that the moped may have been stolen. We agree with the district court that Smith's inquiry did not exceed the scope of the stop--which was for the dual purposes of issuing a warning or a citation to Noble for the helmet violation and determining whether the vehicle might be stolen in light of the absence of a license plate in the mounted bracket. Accordingly, we find no error by the district court in determining that the firearm was discovered during a reasonable investigatory stop. See United States v. Singh, 363 F.3d 347, 355-56 (4th Cir. 2004). Because the firearm was discovered during the officer's reasonable investigatory stop of Noble and the marijuana was discovered during a search incident to a lawful arrest, Chimel v. California, 395 U.S. 752 (1969), neither was required to be suppressed.

Accordingly, we affirm the district court's order denying Noble's motion to suppress and accordingly affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>