**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5144

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER REGINALD HINES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-218)

Submitted: February 21, 2007          Decided: April 2, 2007

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Andrew Murray, GOODMAN, CARR, LAUGHRUN, LEVINE & MURRAY, P.A., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Michael E. Savage, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Reginald Hines pled guilty to conspiracy to defraud the United States and conspiracy to commit money laundering and was sentenced to 188 months imprisonment. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea, and he contends that the district court failed to make an independent determination of a factual basis to support the plea. We affirm Hines' conviction.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. The central question is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Hines contends that he is innocent, but that he pled guilty on the belief that his attorney did not fully investigate his case and was not prepared to defend him at trial. The district

court denied the motion, finding that the relevant factors all weighed against withdrawing the plea. See Moore, 931 F.2d at 248. We have reviewed the record and find no clear error in the district court's determination of the factors, and no abuse of discretion by the district court in denying Hines' motion to withdraw his guilty plea. See Ubakanma, 215 F.3d at 424.

Hines also challenges the validity of his plea, asserting that the district court failed to make an independent assessment of the adequacy of the factual basis for the plea, as required by Fed. R. Crim. P. 11(b)(3). The finding of a factual basis may be based on "anything that appears in the record." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). We find that the record contains sufficient factual support for Hines' plea.

Hines signed a "Stipulation to Factual Basis" in which he acknowledged that he knew that material misrepresentations were made in real estate closing statements that his company sent to potential lenders for the purpose of acquiring financing, and that he knew that his company received proceeds from these closings and that a portion of these proceeds were used to facilitate additional financial transactions to further or promote the conspiracy. A stipulation by the defendant waives the requirement that evidence be presented to establish the facts that were stipulated. See United States v. Muse, 83 F.3d 672, 678 (4th Cir. 1996). Thus, Hines cannot argue that the evidence was insufficient to prove the

facts to which he stipulated. <u>United States v. Reedy</u>, 990 F.2d 167, 169 (4th Cir. 1993).

Moreover, details of the offense conduct and Hines' participation in the offense were set forth in the presentence report. The district court properly relied upon those facts, as well. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 531 (4th Cir. 2002). We find that, based on the summary of the investigation described in the presentence report and the statements in the stipulation of a factual basis that Hines signed, the district court's determination of an adequate factual basis was not an abuse of discretion. <u>See</u> <u>United States v. Carr</u>, 271 F.3d 172, 179 (4th Cir. 2001).

Accordingly, we affirm Hines' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>