**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4690**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LARRY DONNELL FRYE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:07-cr-00247-HEH-1)

Submitted:  February 26, 2009        Decided:  April 27, 2009

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher J. Collins, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Larry Donnell Frye of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006). The district court sentenced him to 250 months' imprisonment, a seventy-five-month upward variance from the top of the range suggested by the Sentencing Guidelines. Frye appeals, challenging the sufficiency of the evidence and the substantive reasonableness of his sentence. Finding no merit to these challenges, we affirm.

We review the district court's decision to deny a Fed. R. Crim. P. 29 motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v.

Sun, 278 F.3d 302, 313 (4th Cir. 2002). In addition, the court considers circumstantial and direct evidence, and allows the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The testimony of a single witness may be sufficient to support a conviction, even if that witness is an accomplice, co-defendant, or an informer. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

On February 21, 2006, a masked man robbed a Wachovia Bank branch on West Cary Street in Richmond, Virginia. The robber jumped over the bank's teller counter, demanded and grabbed money from the teller drawers, and pointed a gun at and threatened to kill bank employees. A witness walking that day on a sidewalk near the bank heard a "pop" and observed a man standing in a nearby parking lot enveloped in a cloud of red smoke and throwing money from his shirt onto the ground. The man then fled between two nearby apartment buildings. Law enforcement officials investigating the robbery recovered from the ground near the bank clothing as well as United States currency, some of which stained with red dye. DNA analysis revealed that Frye could not be eliminated as a contributor to the DNA found on the recovered clothes.

The Government also presented the testimony of Lamont McCord, a convicted felon, who testified that Frye admitted to robbing the Wachovia bank and described to McCord jumping over the teller counter, grabbing money and placing it in his pants, and that upon leaving the bank, a dye packet exploded and he changed his clothes in a alleyway. McCord also testified that Frye bragged that he would "beat" the charge against him because the bank tellers could not identify him and because one of his pieces of clothing contained more than one set of DNA. Frye denied ever robbing the bank.

On appeal, Frye contends that the evidence is insufficient to support his conviction because the Government failed to introduce evidence of the Wachovia bank's status as an institution insured by the Federal Deposit Insurance Corporation ("FDIC"). He also asserts that McCord's testimony, the only direct evidence linking him to the robbery, is incredible.

To sustain a conviction for armed bank robbery under 18 U.S.C. § 2113(a), (d), the Government was required to prove that the institution from which the money was stolen was a "bank" as that term is defined in 18 U.S.C. § 2113(f).[*] See

---

[*] 18 U.S.C. § 2113(f) provides:

> As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings

(Continued)

United States v. Gallop, 838 F.2d 105, 111 (4th Cir. 1988); United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975). At trial, the parties entered into the following stipulation, which was signed by counsel for Frye and counsel for the Government, read to the jury, and received into evidence without objection:

> Comes now the United States of America by its counsel, and [Frye] by his counsel, respectfully state and hereby stipulate the following facts are true and correct:
> Stipulation Number 1. On or about February 21, 2006, the Wachovia Bank at 3201 West Cary Street, Richmond, Virginia, was a bank, as that term is defined in Title 18 of the United States Code, Section 2113(f), and that the deposits therein were insured by the Federal Deposit Insurance Corporation, or FDIC.
> Parties further stipulate that at least $3,907.38 in U.S. currency was taken from a person in the presence of another, on this date, and at this location.

The express language of the stipulation shows Frye's agreement that the Wachovia bank was a "bank" as that term is defined in 18 U.S.C. § 2113(f). Frye makes no attempt to invalidate the stipulation by showing, for instance, that he entered into it inadvertently or that he was not competent to make it. See

---

> bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

5

<u>United States v. Reedy</u>, 990 F.2d 167, 169 (4th Cir. 1993). By failing to dispute the stipulation's validity, he has abandoned any basis for challenging the stipulation's evidentiary value as to its stipulated elements. <u>See id.</u>

Frye's challenge to the sufficiency of the evidence on the basis of the credibility of witness McCord also fails because witness credibility is not subject to appellate review. <u>See</u> <u>Sun</u>, 278 F.3d at 313. As evidenced by its finding of guilt, the jury resolved any conflicts in testimony in favor of the Government and determined the Government's witnesses to be sufficiently credible and otherwise found sufficient circumstantial and direct evidence of guilt. Our review of the record convinces us that the jury heard sufficient evidence to find Frye guilty as charged.

Frye also challenges the substantive reasonableness of his sentence. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, utilizing an abuse of discretion standard of review. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). The first step in this review requires this court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. <u>United States v. Evans</u>, 526 F.3d 155, 161 (4th Cir. 2008). Frye claims no procedural error.

This court next considers the substantive reasonableness of the sentence imposed, taking the totality of the circumstances into account. Id. at 161-62. Although this court may presume that a sentence within the Guidelines range is reasonable, it may not presume a sentence outside of the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597. In reviewing a sentence outside of the Guidelines range, we must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citation omitted).

This court will find a sentence to be unreasonable if the sentencing court "provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside a properly calculated sentencing range." Id. The court, however, must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) (2006) factors justify the sentence. See Gall, 128 S. Ct. at 597; Evans, 526 F.3d at 162. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Evans, 526 F.3d at 162.

Our review of the record convinces us that the district court's 250-month variance sentence was substantively

7

reasonable.    The district court considered the parties'
arguments and engaged in a meaningful articulation of its
consideration of the 18 U.S.C. § 3553(a) factors supporting the
seventy-five-month upward variance.    Notably, the court
thoroughly reviewed Frye's extensive criminal history and
accurately highlighted Frye's history of assaultive and
threatening behavior.

Accordingly, we affirm the district court's judgment.
We dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before the
court and argument would not aid the decisional process.

AFFIRMED

8