**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4322**

─────────

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

JOHN WILSON PATTON,

　　　　　　　　Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00033-LHT-10)

─────────

Submitted:  September 28, 2011　　　Decided:  October 6, 2011

─────────

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────

Seth Neyhart, Chapel Hill, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Wilson Patton appeals his conviction and sentences for conspiracy to possess with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2006) ("Count One"), and for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Two"). Patton filed a timely appeal, arguing that (1) because Count Two recited Patton's dismissed May 20, 1998 charges as the basis of the § 922(g)(1) offense, the indictment was fatally defective and there was insufficient evidence at trial to sustain a conviction on Count Two; (2) the district court erroneously classified him as a career offender; and (3) the district court erred in failing to consider the sentencing disparity between crack and powder cocaine, in light of Kimbrough v. United States, 552 U.S. 85 (2007). For the reasons set forth below, we affirm Patton's convictions but vacate his sentences and remand for resentencing in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

Patton first argues that the indictment suffered from a constructive amendment at trial. In support of this claim, he observes that Count Two of the indictment recites his May 20, 1998 charges as the basis for the § 922(g)(1) felon-in-possession offense. As the Government conceded at sentencing,

2

however, Patton had never been convicted of these charges; instead, they had been dismissed. Despite the fact that Patton had been previously convicted of several other felonies, he claims that these other prior felony convictions cannot have served at trial as the basis for his § 922(g)(1) conviction without constructively amending the indictment. See United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). To the extent that a constructive amendment occurs, it is error per se and must be corrected on appeal even if the defendant did not raise the issue below. United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994) (en banc).

While it is true that a variance between the indictment and the evidence presented at trial may in some circumstances be fatal where the government chooses to word an indictment more narrowly than is necessary, see Randall, 171 F.3d at 208-10, Patton is incorrect that any such variance occurred in this case. Patton stipulated at trial that he "had been convicted in a court of law of a crime punishable by imprisonment for a term exceeding one year . . . and that said conviction occurred prior to October 29, 2006." Because the jury relied on this generic stipulation to find that he had committed a felony on May 20, 1998 and was therefore guilty of the particular § 922(g)(1) charge recited in the indictment, Patton was not convicted "on charges other than those made in

3

the indictment against him." United States v. Foster, 507 F.3d 233, 242-43 (4th Cir. 2007).

To the extent that Patton asserts that there was insufficient evidence to support a conviction on Count Two, given his erroneous stipulation with respect to the May 20, 1998 offense, his argument must fail. "Because a stipulation induces the government not to offer evidence to prove the facts involved in the stipulation, a defendant may not argue at trial or on appeal that the stipulation is insufficient to prove beyond a reasonable doubt the facts or elements to which he has stipulated." United States v. Muse, 83 F.3d 672, 679 (4th Cir. 1996); accord United States v. Harrison, 204 F.3d 236, 240 (D.C. Cir. 2000); United States v. Reedy, 990 F.2d 167, 169 (4th Cir. 1993). Because any error of proof was invited by Patton, see United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997), we affirm his conviction on Count Two.

Patton next urges that he was improperly designated as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. Because Patton did not raise any of his current arguments before the district court, this court's review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Patton must show that "(1) an error was made; (2) the error is plain; and (3) the error

4

affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted).

USSG § 4B1.1(a)(3) requires that the defendant have been convicted of at least two predicate felony offenses before being designated a career offender under the Guidelines. A felony, for purposes of § 4B1.1, is a crime "punishable by death or imprisonment for a term exceeding one year." USSG § 4B1.2, cmt. n.1. In this case, the presentence report designated Patton as a career offender under § 4B1.1 based on several prior North Carolina convictions: a 1993 marijuana conviction and three 1998 cocaine convictions. Patton now maintains that each of his 1998 cocaine convictions was not a felony for purposes of USSG § 4B1.1(a)(3) because the maximum sentence that could be

5

imposed on Patton for these convictions did not exceed one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing regime); Appellant's Br. at 7, 9-10.

At the time of Patton's sentencing, this court determined whether a prior conviction qualified as a felony for purposes of USSG § 4B1.1 by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While Patton's appeal was pending, however, Harp was overruled by the en banc decision in Simmons. Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. See also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).

Given the opacity of the record as to the precise characterization of Patton's prior North Carolina convictions, we express no opinion as to whether his prior convictions qualify as felonies for purposes of USSG § 4B1.1. In view of Simmons, however, we vacate Patton's sentences and remand the case to the district court for resentencing on both Count One

6

and Count Two, leaving the proper characterization of his prior convictions as an issue to be determined after further fact finding by the district court.[*]  See United States v. Slade, 631 F.3d 185, 191 (4th Cir.), cert. denied, 131 S. Ct. 2943 (2011); United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008).

Given our determination that this case must be remanded for resentencing, Patton's arguments with respect to the crack/powder sentencing disparity are moot.  We indicate no view as to whether the Fair Sentencing Act of 2010, Pub. L. No. 111-220, is retroactively applicable to a defendant in Patton's circumstances, leaving that determination in the first instance to the district court.

Accordingly, we affirm Patton's conviction and vacate his sentences, remanding the case to the district court for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] We of course do not fault the Government or the district court for their reliance upon unambiguous circuit authority at the time of Patton's indictment and conviction.

7